AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
V.
Burtran Marshall
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case   CR 05-100

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC §841
  - ☐ under 18 U.S.C. § 924(e).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence: Defendant was originally charged at the state level with trafficking in cocaine, possession with intent to deliver, maintaining a vehicle of use/sale of drug, possession of MJ and drug paraphernalia and maintaining a dwelling for sale/use of drugs in 2003. A capias was issued for his failure to appear on the state charges. Subsequently, the federal authorities charged him for similar offenses and defendant was indicted on the federal charges. Defendant, in essence has been on the run for almost 3 years, per his admission hiding from law enforcement. During that time, he had no stable residence nor employment. regarding his present arrest, defendant attempted to flee from federal authorities and in that process attempted to carjack a vehicle in Philadelphia. It is abundantly clear that defendant was aware of the outstanding charges against him in this court and elsewhere and was willing to take any attempt, including committing crimes of violence to avoid detection and arrest. In addition, defendant's past criminal history is substantial which includes convictions for carrying a concealed deadly weapon in 1994 (Family Court juvenile offense), possession of cocaine in 1996 (reduced from possession with intent to deliver for which he was found in violation of probation on 2 occasions in 1998 & 1999,offensive touching, possession of drug paraphernalia and tampering with evidence in 1998, possession of MJ in 1999, forgery 3d in 1999 and reckless endangering 1st in 2002 for which he failed to appear for sentencing and a capias was issued.   Defendant also has outstanding bench warrants from the Court of Common Pleas in DE and Family Court and is wanted by

AO 472 (Rev. 3/86) Order of Detention Pending Trial

Camden

County, NJ for resisting arrest. These offenses were committed while defendant was on the run. Based on his absconsion, his past criminal history and his continued criminal behavior during his absconsion, there are not conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community. *Defendant did not oppose detention, and reserved his right for later review of this order which was granted.*

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

April 28, 2006
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (e) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).