IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**UNITED STATES OF AMERICA**

V.

CRIMINAL NO. 05-100-SLR

**BURTRAN MARSHALL**

MOTION TO COMPEL DISCLOSURE OF EXISTENCE AND
SUBSTANCE OF PROMISES OR IMMUNITY, LENIENCY
OR PREFERENTIAL TREATMENT

Defendant, Burtran Marshall, by and through his counsel Peter Levin, Esquire, respectfully moves this Court for the entry of an Order requiring the government to disclose to the defendant's attorney the following:

    The existence and substance, and the manner of execution of fulfillment, or any promises, agreements, understanding or arrangements, either verbal or written, between the government and any prosecution witness or informant or cooperating defendant or his or her attorneys or representatives, wherein the government has agreed:

    a. Not to prosecute the witness(es) for any crime or crimes;

    b. To provide a formal grant of statutory immunity or any informal grant or immunity in connection with any testimony given by him or her;

    c. To recommend leniency in sentencing for any crime or crimes for which he or she is convicted;

    d. To recommend a particular sentence for any crime or crimes for which he or she is convicted;

    e. To compromise or diminish, or to recommend to compromise or diminution of any federal, state or local taxes which he or she is claimed to owe; and

f. To make any other recommendations of benefit or to give any other consideration to him or her.

Respectfully submitted,

Peter A. Levin, Esquire
1927 Hamilton Street
Philadelphia, PA 19130
(215) 563-3454

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

**UNITED STATES OF AMERICA**

**V.**

**CRIMINAL NO. 05-100-SLR**

**BURTRAN MARSHALL**

:

MEMORANDUM OF LAW IN SUPPORT OF MOTION

Courts have consistently held that in attempting to establish motives or bias of a government witness, a defendant may elicit evidence showing that the government has made explicit or implied promises of immunity from prosecution, leniency in sentencing, or other preferential treatment in return for the witness' or informant's cooperation and agreement to testify for the prosecution. United States v. Partin, 493 F.2d 750, 757-760 (5th Cir. 1974); United States v. Campbell, 426 F.2d 66, 68 (2nd Cir. 1970); Hughes v. United States, 427 F.2d 66, 68 (9th Cir. 1970). Where trial courts have sought to limit the scope of cross-examination and the presentation of evidence on such matters, reviewing courts have tended to view such limitations as reversible error. United States v. Partin, supra, at 757-760; United States v. Greenberg, 423 F.2d 658, 681 (5th Cir. 1966).

The Supreme Court has adopted a position requiring expanded disclosure of promises of immunity, leniency and preferential treatment to government witnesses, and has imposed upon the government the burden of insuring that disclosure of such promises is made to defendant. In Giglio v. United States, 405 U.S. 150 (1972), the defendant was convicted of passing forged money orders and was sentenced to five years imprisonment. Subsequent to the conviction, defendant's

attorney discovered new evidence indicating that the government had failed to disclose a promise made to its key witness that he would not be prosecuted if he testified for the government. In reversing the conviction under the due process criteria of Brady v. Maryland, 373 U.S. 83 (1963), the Court in Giglio stated at page 766:
> ...(the witness') credibility was therefore an important issue in the case, and evidence of any understanding or agreement as to future prosecution would be relevant to his credibility and the jury was entitled to know it. (Emphasis added)

The defendant submits that the holding in Giglio requires the type of disclosure that they now seek. While it is true that Giglio does not appear to establish a particular time for disclosure of promises of immunity, leniency or preferential treatment, or the implementation thereof, defendant's request for such disclosure no later than ten days subsequent to the ruling hereon must be considered both reasonable and appropriate. The manner of execution and fulfillment of any various commitments and promises made to these government witnesses may not have been communicated directly to them. Rather, this information may have been communicated only to their attorneys or representatives. If this is so, the defendant will not be able to elicit information during cross-examination from these individuals, and he should therefore be given a reasonable opportunity prior to trial to locate and interview the person(s) who possess this information. Additionally, by the government making a full disclosure sufficiently prior to trial, the defendant's attorney will be able to pursue appropriate court records or transcripts and by having such adequate time to review said records, unfortunate prosecutorial errors such as occurred in United States v. Ring, 491 F.2d 1271 (5th Cir.); vacated and remanded, 95 S.Ct. 164 (1974), can be avoided.

If the substance of such promises and agreements have not been accurately and fully communicated to the witness(es), cross-examination will not be an adequate device by which the defendant can elicit information to which he is clearly

entitled. Again, such information can only be obtained if the defendant is given some factual basis on which to seek its procurement and a reasonable time prior to trial in which to do so.

WHEREFORE, for the above and foregoing reasons, the defendant submits that the instant motion should be granted.

                                    Respectfully submitted,

                                    _____
                                    Peter A. Levin, Esquire
                                    1927 Hamilton Street
                                    Philadelphia, PA 19130
                                    (215) 563-3454

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

**UNITED STATES OF AMERICA**

    **V.**

**CRIMINAL NO. 05-100-SLR**

**BURTRAN MARSHALL**

<u>ORDER</u>

    AND NOW, to wit, this _____ day of _____, 2006, it is hereby ORDERED that the government disclose the existence and substance and the manner of execution of fulfillment, or any promises, agreements, either verbal or written, between the government and any prosecution witness or informant or cooperating defendant or his or her attorneys or representatives.

    BY THE COURT:

_____ J.

## CERTIFICATE OF SERVICE

Peter A. Levin, Esquire, hereby certifies that a true and correct copy of the within Motion has been served upon by hand delivery to:

David L. Hall, Esquire
Assistant United States Attorney
1007 Orange Street
Suite 700
Wilmington, DE  19899-2046

_____
PETER A. LEVIN, ESQUIRE

Dated: 9/8/06