### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

**UNITED STATES OF AMERICA**

**V.**

**CRIMINAL NO. 05-100-SLR**

**BURTRAN MARSHALL**

MOTION FOR PRE-TRIAL DISCLOSURE AND MOTION IN LIMINE
TO PROHIBIT PROOF OF 404(B) MATERIAL, OTHER ALLEGED
UNCHARGED OFFENSES, AND WRONGS UNLESS DISCLOSED PRIOR
TO TRIAL, AND AUTHORITIES IN SUPPORT THEREOF

Burtran Marshall, by and through his attorney, Peter A. Levin, respectfully requests that this Court require the government to advise counsel, substantially prior to trial, of any uncharged offense, alleged wrongs, other 404(b) material, or other impeaching material which the government may or might use during trial against the defendant for any purpose, including cross examination of the defendant if he were to testify, and as grounds states:

1.      That defendant is charged with possession with the intent to distribute more than fifty grams of a mixture and substance containing cocaine base ("crack")

2.      That defense counsel believes that, during some phase of trial, the government may attempt to introduce into evidence 404(b) material, or other evidence not reflected in the Indictment. Such evidence may take the form of

defendant's associations with other persons known and unknown to the Grand Jury charged with other acts and/or statements attributable to the defendant.

3. That defendant is aware of Rule 404(b) of the Federal Rules of Evidence, which provides in part as follows:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of the person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

Of course, the defendant does not quarrel with the proposition that under certain circumstances this type of evidence may be admissible. The defendant, however, has the right to stand trial for this offense without having the trier of fact consider evidence of unrelated matters which would prejudice defendant and deny him his right to a fair trial herein. United States v. Schwartz, 790 F.2d 1059 (3d Cir. 1986); United States v. Able, 469 U.S. 45(1984); United States v. Luce, 469 U.S. 45(1984).

4. Defendant merely requests that the government be required to disclose the nature of this evidence and the witnesses, if any, which the government intends to rely on in establishing any evidentiary foundation.

5. That, legal arguments over admissibility of evidence will lengthen and complicate this trial. Introduction of this type of evidence will require important legal issues to be argued and decided on the spur of the moment, thus possibly placing the defendant in a prejudicial position as the evidence may be surprising and in any case, the defendant will not be prepared to defend same.

6. That to avoid these potential problems, the defendant requests that this Court order the government to produce substantially prior to trial, in narrative form, the details of any uncharged offenses, (or any other 404(b) material) and any other evidence of the kind, it may seek to introduce at trial against the defendant. The narrative shall set forth the particulars so that admissibility can be determined. This procedure would permit the defendant to move pre-trial to exclude such evidence, prevent surprise, and expedite the trial of this matter by preventing interruptions through legal arguments that could be disposed of pretrial.

7. That, it is important that defense counsel has notice of this possible evidence, and the admissibility thereof, to enable the defense to intelligently select a trial strategy so that defendant is not denied his Fifth Amendment right to due process of law.

WHEREFORE, the defendant prays for an appropriate order.

Respectfully submitted,

Peter A. Levin, Esquire
1927 Hamilton Street
Philadelphia, PA 19130
(215) 563-3454

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**UNITED STATES OF AMERICA**

V.

                **CRIMINAL NO. 05-100-SLR**

**BURTRAN MARSHALL**

<u>ORDER</u>

      AND NOW, this _____ day of _____, 2006, upon consideration of the within Motion for Pre-trial Disclosure of Government's Intention to Rely Upon All Other Crimes or Other Wrongs Evidence, Other 404(b) Material, it is **ORDERED** and **DECREED** that the government disclose to the defendant its intention to rely upon evidence of similar crimes, acts or wrongs and the identities of those persons which the government intends to rely upon to demonstrate the aforementioned evidence.

                                    BY THE COURT:

                                    _____

## CERTIFICATE OF SERVICE

Peter A. Levin, Esquire, hereby certifies that a true and correct copy of the within Motion has been served upon by hand delivery to:

David L. Hall, Esquire
Assistant United States Attorney
1007 Orange Street
Suite 700
Wilmington, DE  19899-2046

_____
Peter A. Levin, Esquire

Dated: 9/8/06