IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**UNITED STATES OF AMERICA**

V.

**CRIMINAL NO. 05-100-SLR**

**BURTRAN MARSHALL**

MOTION FOR EARLY DISCLOSURE OF
MATERIAL UNDER 18 U.S.C. § 3500(B)

Burtran Marshall, by his attorney, Peter A. Levin hereby moves, pursuant to 18 U.S.C. § 3500(B), for an order directing the United States to produce any statement [as defined in 18 U.S.C. § 3500(B)] of a government witness in possession of the United States which relates to the subject matter to which the witness will testify and, in the event the government has possession of the statement which it believes to be within § 3500(c), that it deliver such statements to the Court in camera, in accordance with § 3500(c). The defendant also moves the Court to request that the government produce this Jencks material two weeks in advance of trial. In addition to all material statutorily mandated for delivery to the defense in accordance with this Jencks Act request, defendant makes the following particularized Jencks Act requests:

1. That the government undertake, before trial, to search for, locate, and marshal all Jencks Act materials within the scope of this motion.

2. That the government produce, in accordance with this motion, all memoranda of interviews of all government witnesses where such memoranda reflect conduct by any agent of the state or federal government, or other employees of the state or federal government.

3. That the government produce the testimony of all government witnesses before the grand jury which returned this indictment.

4. That the government produce all other statements of witnesses of every kind and every description which are in the possession of the government, including any memoranda or letters of any type prepared by such witnesses which are in the possession of the government.

5. That the government preserve and produce all hand-written notes or other notes of interviews including rough drafts prepared by any agent of the government of any informant for the government who interviewed any government witness.

6. That the government preserve and produce all rough notes and memoranda prepared by prosecutors who have interviewed any government witnesses.

WHEREFORE, in order to facilitate trial and pretrial litigation of motions in this case, defendant requests that the Court order the government to have Jencks Act material marshaled and ready and requests the government to produce it two weeks in advance of the trial or litigation of pretrial motions.

Respectfully submitted,

Peter A. Levin, Esquire
1927 Hamilton Street
Philadelphia, PA 19130
(215) 563-3454

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

**UNITED STATES OF AMERICA**

**V.**                                                          **CRIMINAL NO. 05-100-SLR**

**BURTRAN MARSHALL**

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR EARLY DISCLOSURE OF
MATERIAL UNDER 18 U.S.C. § 3500(B)

The Jencks Act, 18 U.S.C. § 3500, requires that the government release "any statement…..which relates to the subject matter to which the witness has testified for the government." However, there is precedent for the Court to require its earlier release, to assure the orderly progress of trial. In United States v. Goldberg, 336 F. Supp. 1(E.D. Pa. 1971), Judge John P. Fullam justified an order requiring the pretrial delivery of witness statements to the defendant by noting that such a procedure would prevent time being wasted during trial while the documents are studied, and to assure better pretrial preparation by counsel for the government.

Likewise, the court in United States v. Narciso, 446 F. Supp. 252(E.D. Mich. 1976), also ordered pretrial delivery of Jencks material, and criticized the "sporting theory" of discovery which is embodied by the Jencks Act as

"inappropriate in light of the high stakes involved in criminal litigation," 446 F. Supp. at 264.  Thus, the defendant requests early disclosure of all Jencks material under the reasoning of Goldberg and Narciso, supra., as well as that of United States v. Achtenberg, 459 F.2d 91(8th Cir.1972).

United States v. Goldberg, 425 U.S. 94 (1976) and United States v. Vella, 562 F. 2d 275 3rd Cir.(1977), stand for the proposition that the rough interview notes of F.B.I. agents are discoverable Jencks material.  Counsel maintains that to the extent that such notes record a witness statement in a "substantially verbatim" fashion, 18 U.S.C. § 3500(a)(2) they are covered by the Jencks Act.  Thus, the current request includes a request for such material.

Respectfully submitted,

Peter A. Levin, Esquire
1927 Hamilton Street
Philadelphia, PA 19130
(215) 563-3454

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**UNITED STATES OF AMERICA**

    V.

**CRIMINAL NO. 05-100-SLR**

**BURTRAN MARSHALL**

### ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of defendant's Motion for Early Disclosure of material under 18 U.S.C. § 3500(B), it is hereby **ORDERED** that the defendant's application is **GRANTED** insofar as the government is directed to search for, locate, preserve, and marshal all Jencks Act materials. The court requests that the government produce the material two weeks in advance of trial or litigation of pretrial motions in order to facilitate the orderly questioning of witnesses.

                                      BY THE COURT:

                                      _____

## CERTIFICATE OF SERVICE

Peter A. Levin, Esquire, hereby certifies that a true and correct copy of the within Motion has been served upon by hand delivery to:

David L. Hall, Esquire
Assistant United States Attorney
1007 Orange Street
Suite 700
Wilmington, DE 19899-2046

PETER A. LEVIN, ESQUIRE

Dated: 9/8/06