# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

V.

BURTRAN MARSHALL

CRIMINAL NO. 05-100-SLR

## MOTION TO COMPEL DISCOVERY AND PRODUCTION OF EXCULPATORY EVIDENCE

Burtran Marshall, by and through his counsel Peter Levin, Esquire, respectfully requests this Court to enter an Order requiring the prosecutor to turn over all exculpatory evidence within its knowledge, possession or control, to counsel for the defendant.

The term" discovery" includes all material which Federal Rule of Criminal procedure 16 requires to be disclosed or which are within the Court's discretion to order produced, as well as all materials or information required to be disclosed or which the Court may order produced pursuant to : Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), Roviaro v. United States, 353 U.S. 53 (1957), and their progeny; the United States Constitution; and all other applicable law.

The term "exculpatory evidence" includes all information indicating an absence of guilt on the part of defendant, or supporting an affirmative defense to any element of any charge, or in mitigation of his actions or favorable to him at time of sentencing, as well as information tending in any way to affect the strength or weight of the testimony of government witnesses.

This request for exculpatory evidence includes, but is not limited to:

2

1.  Statements of all witnesses, whether oral or written, made to any government agent or informant, in relation to these cases, whether or not the government intends to call said witness, agent or informant at trial in this case, which tend to exculpate defendant.

2.  All statements, oral or written, of defendant to any government agent or individual working on behalf of the government, or to any person known to the government, which tend in any way to exculpate him.

3.  The results of, or reports of, any scientific or analytical examinations made in reference to this case which tend to exculpate defendant.

4.  Any documents, whether official or informal, in any way relating to the subject matter of these cases which tend to exculpate defendant.

5.  The name and whereabouts of any and all witnesses who have information tending in any way to exculpate defendant.

6.  Any and all exculpatory evidence derived from all statements made by defendant to federal or local government agents, employees and informants, whether written or oral.

7.  Any surveillance photographs which may have been taken of defendant which are susceptible to any analysis favorable to him.

8.  Any surveillance photographs, tape recordings made of any government witness which tends to reveal his involvement in criminal activity, or which discredit statements or testimony which he has given.

9.  The record of criminal arrests and convictions of all government witnesses and all individuals who provided the government with information or assistance in reference to these cases.

10. A summary of all benefits given and threats or promises made to all witnesses for the government and all individuals who provided the government with information or assistance in reference to these cases.

3

11.  Any information known to the government or to any of its agents or informants which tends to indicate that any and all government witnesses have been involved in criminal activity regarding which no criminal charges have been filed.

12.  Any information known to the government or any of its agents or informants which would tend to indicate that any government witness is the subject of a criminal investigation or facing charges of criminal activity.

13.  Any information known to the government, its agents or informants which tend to indicate that any potential government witness has ever testified untruthfully under oath, or made any false statement to a government agent.

Respectfully submitted,

_____
Peter A. Levin, Esquire
1927 Hamilton Street
Philadelphia, PA 19130
(215) 563-3454

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

V.

CRIMINAL NO. 05-100-SLR

BURTRAN MARSHALL

:

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL DISCOVERY AND PRODUCTION OF EXCULPATORY
EVIDENCE

## I. Introduction

Defendant, Burtran Marshall seeks production of all discovery and exculpatory evidence which the government is obligated to or may be ordered to produce pursuant to the Federal rules of Criminal Procedure, the United States Constitution, Supreme Court precedent, and all other applicable law or authority.

## II. Argument

In a series of cases beginning with Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court has set forth the government's constitutional obligation to provide to the defendant any material in the government's possession which tends to exculpate the defendant. Brady stands for the proposition that the Fifth Amendment guarantee of a fair trial includes a requirement that the government disclose to a criminal defendant all information within its possession and control which is material and exculpatory to that defendant.

United States v. Agurs, 427 U.S. 97 (1976) expanded upon Brady and created a broad definition of exculpatory evidence, which included evidence which would tend to indicate that the government's case included perjured testimony, specific

5

exculpatory evidence requested by a defendant in a particular case, and all other evidence tending to be favorable to a criminal defendant. See also, United States v. Bagley, 473 U.S. 667 (1985); Kyles v. Whiteley, 115S.Ct. 1555 (1995).

Giglio v. United States, 405 U.S. 150 (1972) establishes that the rule of Brady encompasses evidence tending to impeach government witnesses. It also establishes that the government is in possession of evidence for Brady purposes if any government agent or employee possesses the knowledge or material requested, regardless of whether or not the government's specific trial counsel was aware of it. In Giglio, trial counsel for the government was unaware of an immunity promise made to its witness by another Assistant United States Attorney. The court held that the government was nonetheless responsible for the knowledge that its witness lied when he testified that he was granted no immunity, regardless of whether the perjured testimony was presented deliberately or through neglect, 405 U.S. at 154. See also, U.S. v. Perdomo, 929 F.2d 967, 970 (3rd Cir. 1991) (no distinction between different agencies under the same government).

In Carter v. Rafferty, 826 F.2d 1299 (3rd Cir. 1987), cert. denied, 484 U.S. 1011 (1988), the Third Circuit applied the principle that Brady material can exclude any evidence tending to discredit the testimony of a government witness. In Carter, the government witness testified regarding his vantage point in viewing the person he identified as the defendant in a way which he thought was consistent with the results of a polygraph examination. The polygraph examiner's written report supported the witness testimony (that he was outside the bar in question, which was damaging to the defendant). However, the oral report of the examiner, which contradicted the testimony of the witness at trial, was not disclosed to the defense prior to trial.

The Carter court found a Brady violation in the government's failure to disclose,

6

ruling that the suppressed report of the polygraph examiner was both material and exculpatory. The materiality determination was made even though the defense possessed numerous other contradictory statements made by the defense witness that were used to impeach his trial testimony concerning his presence outside the bar in making observations. The court indicated that it would not find the inconsistency regarding the witness' vantage point was merely cumulative [because it went] to the very heart of... [the witness's] testimony." Carter at 1317. Furthermore, the court stated that the good or bad faith of the prosecution was not determinative of whether it should have disclosed the oral report of its polygraph examiner. Carter at 1315.

The Third Circuit reaffirmed the principles of Brady and Giglio in United States v. Perdomo, 929 F.2d 967 (3d Cir. 1991). There, the Court reversed a conviction because the government had failed to check local police records, which would have revealed the criminal background of one of its witnesses. Although the Assistant United States Attorney did not know of this record, the Court found that the information was "available" to him, and he therefore had an obligation to provide it to the defense. As the Court reasoned, "the availability of information is not measured in terms of whether the information is easy or difficult to obtain but by whether the information is in the possession of some arm of the state." Perdomo at 971.

In addition, the defense is entitled under Roviaro v. United States, 353 U.S. 53 (1957), to the disclosure of the identity of any informants who were eyewitnesses in this case. Under the case law following Roviaro, the defense is also entitled to disclosure of the informant's record, United States v. Auten, 632 F.2d 478, 481-82 (5th Cir. 1980), all promises made to the informant by the government, Giglio v. United States, 405 U.S. 150, 154-55 (1972); United States v. Oxman, 740 F.2d 1298, 1311-1 (3rd Cir. 1984), all prior testimony of the informant, Johnson v. Brewer, 521 F.2d 556

7

(8th Cir. 1975), information about psychiatric treatment, United States v. Lindstrom, 698, 1154, 1160-68 (11th Cir. 1983), and information concerning the informant's drug habits, United States v. Fowler, 465 F.2d 664 (D.C. Cir. 1972). These disclosures are necessary to guarantee the defendant's right to a full and robust cross-examination of a government informant. Bagley v. Lumpkin, 719 F.2d 1462, 1464 (9th Cir. 1983). The situation in the instant case is the same for purposes of the government's obligation to disclose the information requested.

The Third Circuit has reaffirmed the principle that information tending to impeach a government witness must be disclosed, if material, in United States v. Starusko, 729 F.2d 256 (3rd Cir. 1984). Materiality is established where, "viewed prospectively, as the prosecutor views evidence before trial, the testimony of the witnesses incriminates the defendant, and the impeaching evidence significantly impairs the incriminatory value of that testimony." United States v. Oxman, 740 F.2d 1298 (3rd Cir. 1984) at 1310.

Although courts have used different terminology to define "materiality," the current formulation employed by the Supreme Court is that "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different...... A reasonable probability is a probability sufficient to undermine confidence in the outcome." Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987),citing United States v. Bagley, 473 U.S. 667, 682 (1985). Accord United States v. Pflaumer, 774 F. 2d 1224 (3d Cir. 1985).As explained in Kyles v. Whitley, 514 U.S. 419 (1995), such "Brady material" includes any evidence which creates a reasonable probability of a result other than conviction.

Thus, the defendant is entitled, under his due process right to a fair trial, to all evidence in possession of any government employee, agent or operative, tending to

8

negate or mitigate his guilt or to support a defense to the charges, or tending to impeach the credibility of any witness to be offered by the government.

It is essential to the defense that all information regarding the government witness's prior criminal behavior and other misconduct be revealed to the defense for the following reasons:

First, to properly cross-examine an informant and challenge his credibility it is necessary to demonstrate the benefits received by him in entering into a plea agreement. It is not sufficient simply for the defense to question him about the maximum jail sentences he faced. It is also necessary to show the jury the sentences he actually faced under the guidelines as well as the sentences he was told would most likely be imposed. That is, since the guidelines permit an upward departure in cases where a person's criminal record does not adequately reflect the extent of his criminal conduct, it is necessary to demonstrate both the actual sentence range and the possibly higher sentences that this witness faced under the guidelines in light of the evidence of misconduct previously alleged by the government.

The possibility that all of the requested material is not presently in the hands of the prosecutor do not diminish the government's obligation to furnish all the requested material. As stated by the Court of Appeals in United States v. Perdomo, Id, at 971 I the context of adopting the holding of the Fifth Circuit in United States v. Auten, 6323 F.2d 478,481 (5th Cir. 1980):

> We view the U.S. Attorney's obligation somewhat differently than did the district court. Auten also stands for the proposition that non-disclosure is inexcusable where the prosecution has not sought out information readily available to it. Id. Auten and other cases indicate that the availability of information is not measured in terms of whether the information is easy or difficult to obtain but by whether the information is in the possession of some

9

> arm of the state. For example in, <u>United States v. Deutsch</u>, 475 F.2d 55 (5th Cir. 1973) overruled on other grounds, <u>United States v. Henry</u>, 749 F.2d 203 (5th Cir. 1984), the Fifth Circuit deemed the prosecution in possession of information requested by the defendant where the information sought was in the files of the United States Postal Service.

See also <u>United States v. Chavez-Vernaza</u>, 844 F.2d 1360, 1375 (9th Cir. 1987) (disclosure <u>in camera</u> of presentence report of witness), <u>United States v. Perdomo</u>, <u>Id</u>. at 970 citing <u>United States v. Antone</u>, 603 F.2d 566 (5th Cir. 1979) (courts should not "draw distinction between different agencies under the same government, focusing instead upon the 'prosecution team' which includes both investigative and prosecutorial personnel"), and <u>United States v. Clegg</u>, 740 F.2d 16 (9th Cir. 1984) (disclosure of "classified information required after <u>in camera</u> review).

In sum, due process requires that all evidence in possession of any government employee, agent, or operative, tending to negate or mitigate a defendant's guilt or to support a defense to the charges, or tending to materially impeach the credibility of any witness, or tending to offer mitigation relative to sentencing must be delivered to the defense by the government.

In the instant case, the defense has no reason to believe that the government will withhold <u>Brady</u> or other discovery material, but makes this motion to meet the requirement of <u>Brady</u> and its progeny that exculpatory evidence be particularly requested by the defense.

III. <u>Conclusion</u>:

For all of the foregoing reasons, defendant Burtran Marshall respectfully requests that this motion be granted and that the Court enter the proposed order attached hereto.

Respectfully submitted,

_____
Peter A. Levin, Esquire
1927 Hamilton Street
Philadelphia, PA 19130
(215) 563-3454

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

V.

BURTRAN MARSHALL

CRIMINAL NO. 05-100-SLR

ORDER

AND NOW, to wit, this       day of       , 2006, upon consideration of the Defendant's Motion to Compel Discovery and production of Exculpatory Material, it is hereby ORDERED and DECREED that said Motion is GRANTED, and the Government is required to produce the requested material.

BY THE COURT:

_____
J.

## CERTIFICATE OF SERVICE

      Peter A. Levin, Esquire, hereby certifies that a true and correct copy of the within Motion has been served upon by hand delivery to:

David L. Hall, Esquire
Assistant United States Attorney
1007 Orange Street
Suite 700
Wilmington, DE  19899-2046

                                  PETER A. LEVIN, ESQUIRE

Dated: 9/8/06