IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 05-100-SLR |
| | ) | |
| BURTRAN MARSHALL | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
SUPPRESS EVIDENCE AND MOTION FOR DISCOVERY AND INSPECTION
CONCERNING GOVERNMENT'S USE OF INFORMANTS**

NOW COMES the United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and David L. Hall and Robert F. Kravetz, Assistant United States Attorneys, and submits the following response to defendant's Motion to Suppress Evidence (Doc. No. 16) and Motion for Discovery and Inspection Concerning Government's Use of Informants (Doc. No. 22). The government respectfully requests that the Court deny defendant's motions.

A memorandum of law in support of the government's response is attached.

Respectfully submitted,
COLM F. CONNOLLY
United States Attorney

BY:   /s/ David L. Hall
David L. Hall
Robert F. Kravetz
Assistant United States Attorneys

Dated: October 5, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 05-100-SLR |
| | ) | |
| BURTRAN MARSHALL | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MEMORANDUM IN RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE AND MOTION FOR DISCOVERY AND
INSPECTION CONCERNING GOVERNMENT'S USE OF INFORMANTS**

Defendant Burtran Marshall has filed two related motions: a Motion to Suppress Physical Evidence and Statements (Doc. No. 16), and a Motion for Discovery and Inspection Concerning Government's Use of Informants (Doc. No. 22). Although the motions were filed separately, they each have the same primary purpose: to attempt to force the government to reveal the identity of a confidential informant used to supply the Wilmington Police Department with probable cause to secure a search warrant of Marshall's residence. The Motion for Discovery and Inspection Concerning Government's Use of Informants explicitly requests the government to reveal the informant's identity. In addition, notwithstanding its formal title, the suppression motion is a de facto request for the Court to hold a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), in order to test Marshall's conclusory allegation that the informant either did not exist or fabricated information provided to the Wilmington Police Department. That motion argues essentially that the informant's identity must be revealed to disprove Marshall's unfounded claim that the officer-affiant knowingly or recklessly made a false statement in the affidavit of probable cause filed in support of

2

the search warrant. For the reasons set forth below, the government respectfully requests that the Court deny each of the motions.[1]

## I. BACKGROUND[2]

In June 2003, officers from the Wilmington Police Department received information from an informant who had provided past reliable information regarding illegal drug activity in the city, that Burtran Marshall was trafficking large quantities of crack cocaine from an apartment located at 204 N. West St. in Wilmington. On two occasions, August 4, 2003 and October 14, 2003, the Wilmington Police utilized the informant to make controlled buys of crack cocaine from Marshall. On both occasions, the officers provided the informant with marked departmental "buy" money to make the transaction. Furthermore, on each occasion officers placed the building at 204 N. West St. under surveillance and observed Marshall leave the residence prior to meeting with the informant.

On October 14, 2003, the informant made a controlled buy from Marshall in Marshall's vehicle. Following that transaction, the officers conducted a traffic stop of Marshall's vehicle and placed him under arrest.[3] A search of Marshall's person incident to arrest uncovered that he was carrying approximately $4900 in cash. Additionally, Marshall provided the officers with a false name, and a search of the vehicle revealed five small blue bags of marijuana in the driver's side door pocket. Based upon the controlled buys, the information that Marshall kept his stash of crack

---

[1]Defendant has filed several additional discovery motions, which the government addresses in a separate omnibus response filed contemporaneously with this response.

[2]The Background section is based primarily on the affidavit of probable cause, attached as Appendix A to defendant's suppression motion, and the affidavit of DEA Special Agent David Hughes, attached as an appendix to the criminal complaint. (Doc. No. 1.)

[3]In addition to the controlled buy, the officers were aware that Marshall's driver license had been suspended and that he was wanted on several outstanding arrest warrants.

cocaine at 204 N. West St., and police surveillance observing Marshall leave the residence on each occasion to meet with the informant, the officers secured a warrant to search the apartment. During the execution of that warrant, the officers found a large plastic bag immediately outside the master bedroom. Within that bag were four smaller bags, each containing crack cocaine. Laboratory tests later revealed that the total amount of crack found within the apartment weighed 370 grams. The search of the residence also yielded a digital scale of the type known to be used by drug dealers to weigh illegal drugs for distribution, a plate containing suspected crack cocaine residue, and approximately $3100 in cash.

The officers thereafter placed Marshall under arrest. Marshall was advised of his <u>Miranda</u> rights and waived them. He then gave a statement to the police in which he admitted that the drugs at the apartment belonged to him. After he was charged in the state court system and placed on bail, ostensibly to cooperate with the Wilmington Police Department in a large-scale drug investigation, Marshall fled and became a fugitive. Marshall remained at large until April 2005, when he was eventually apprehended by federal authorities in Philadelphia following a foot chase in which he attempted to carjack a passing vehicle. Based upon the drugs uncovered as a result of the October 14, 2003 search, a federal grand jury indicted Marshall on one count of possession with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

## II.    ARGUMENT

Defendant's related motions are an attempt to make an end run around the Government's long-recognized "privilege" not to disclose the identity of confidential informants. <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957). That privilege, grounded in safety concerns for citizen

witnesses, is designed to encourage citizens to report criminal activity. United States v. Johnson, 302 F.3d 139 (3d Cir. 2002); see United States v. Jiles, 658 F.2d 194, 198 n.4 ("In order to ensure the effectiveness of our law enforcement agencies, we must continue to encourage, through the proper use of the Government's privilege, the public to come forward with information."). A defendant wishing to overcome the privilege must demonstrate initially that the disclosure "is relevant and helpful to [his] defense" or "is essential to a fair determination" of his guilt. United States v. Brown, 3 F.3d 673, 679 (3d Cir. 1993) (quoting Roviaro, 353 U.S. at 60-61). "[M]ere speculation as to the usefulness of the informant's testimony to the defendant is insufficient to justify disclosure of his identity." United States v. Bazzano, 712 F.2d 826, 839 (3d Cir. 1983). See also United States v. Day, 384 F.2d 464, 469 (3d Cir. 1967) ("[I]f disclosure on a mere supposition is required in every instance the interests of law enforcement in combating [crime] will be detrimentally affected by the emasculation of its only effective weapon – the informer.") (McLaughlin J., concurring).

If the defendant meets the initial burden and shows a specific need for disclosure, the court is then required to balance the public interest in encouraging and protecting informants with the defendant's need for informant identity information to ensure a fair trial. Roviaro, 353 U.S. at 59-61. The Roviaro Court struck this balance in favor of the defendant where the confidential informant was the sole participant, other than the defendant, in the charged transaction and where the informant could provide relevant testimony to support a defense of entrapment or to cast doubt on the identification of the defendant as the guilty party. Id. at 64-65. In contrast, the Supreme Court in McCray v. Illinois, did not require the identification of an informant whose information was the basis for a warrantless arrest because the information provided did not bear on the fundamental question

5

of "guilt or innocence," but rather supplied the police with probable cause for the search. 386 U.S. 300, 311 (1967).

In Jiles, the Third Circuit identified a "spectrum," on the extreme end of which are Roviaro and similar cases where the defendant is likely to prevail because he can shown that the informant's identity must be disclosed to ensure a fair trial. 658 F.2d at 196-197. However, "[a]t the other end of the spectrum, are cases in which the informant was not an active participant or eyewitness, but rather a mere tipster. In such cases courts have generally held that the informant's identity need not be disclosed." 658 F.2d at 197. The court of appeals concluded in Jiles that the government was not required to disclose the identity of an eyewitness confidential informant because the informant was not the only witness to the crime, the government did not intend to call the witness at trial, and the informant's participation was limited to identifying the defendant to a government agent who later used that information in preparing a photo array for the victim. Id. at 198-99. See also United States v. Almodovar, Crim. A. No. 96-71 MMS, 1996 WL 700267, at *8 (D. Del. Nov. 26, 1996) (stating that the government is not required to identify tipsters); United States v. Beckett, 889 F. Supp. 152 (D. Del. 1995) (holding that the government is required to provide information concerning confidential informants who will testify at trial).

In this case, the government does not intend to call the confidential informant as a witness in Marshall's trial. Instead, the government will rely on testimony from law enforcement witnesses concerning the warranted search and Marshall's confession. The informant was present for neither of these events, and his sole role in this case was to provide the police with probable cause to obtain the search warrant. Under these circumstances, where the informant did not participate in the underlying transaction, knowledge of the informant's identity will not serve to establish Marshall's

"guilt or innocence" and should not be disclosed. See Bazzano, 712 F.2d at 839 (declining to require the government to disclose the identity of an informant where the defendant speculated as to the usefulness of the defendant's testimony and "the informant's role in th[e] case was nothing more than that of allegedly providing the police with probable cause for conducting their search"); see also United States v. Johnson, No. C.R. 04-103-SLR, 2005 WL 1512672 (D. Del. June 27, 2005) (finding that disclosure of an informant's identity was not required where the informant's identity was related only to whether reasonable suspicion existed to stop the defendant's vehicle, and the government did not intend to call the witness at trial); United States v. Ayers, No C.R. 02-112-SLR, 2003 WL 292086 (D. Del. Feb. 6, 2003) (same).

Faced with an obvious legal impediment in the attempt to force the government to disclose the informant's identity, defendant's suppression motion pursues a novel argument: that the informant's identity must be revealed so that defendant can present his argument at a Franks hearing that Wilmington police officers fabricated the existence of the informant in their application for a search warrant. In Franks, the Supreme Court established a mechanism whereby a criminal defendant can challenge the truthfulness of factual statements made in an affidavit of probable cause subsequent to the ex parte issuance of the search warrant. 438 U.S. 154 (1978) A defendant, however, does not have an automatic right to a Franks hearing to challenge the underlying basis for the warrant. Rather, the defendant must first make "a 'substantial preliminary showing' that the affidavit contained a false statement, which was made knowingly or with reckless disregard for the truth, and which is material to the finding of probable cause." United States v. Yusuf, - - F.3d - -, 2006 WL 2441944, *5 (3d Cir. Aug. 24, 2006). That preliminary showing is required because "[t]here is . . . a presumption of validity with respect to the affidavit supporting the search warrant."

Franks, 438 U.S. at 171.

In this case, defendant's sole basis for a Franks hearing is his conclusory allegation – unsupported by any foundation in the record – that the informant did not exist. By this means he seeks to turn the absence of knowledge of the informant into a tactical advantage, forcing the government to reveal the informant to prove the informant's existence. While a clever bootstrapping technique, the overwhelming weight of authority counsels against providing such an avenue to criminal defendants. In United States v. Brown, 3 F.3d 673 (3d Cir. 1993), the United States Court of Appeals for the Third Circuit considered whether a Franks hearing was appropriate under nearly identical factual circumstances. There, the defendant alleged that the police officer-affiant recklessly or intentionally provided false information in an affidavit for a search warrant of the defendant's premises. The defendant argued that the government was required to disclose the informant's identity to allow him to make a substantial preliminary showing that a Franks hearing was appropriate. The Court of Appeals rejected the argument, concluding that a "defendant who merely hopes (without showing a likelihood) that disclosure will lead to evidence supporting suppression" fails to meet his burden that disclosure is required under Roviaro. Id. at 679. Absent some other substantial preliminary showing that the affiant made a false statement, the government should not be required to disclose the informant's identity, even in the context of a Franks challenge. Id. at 679-80. See also United States v. Tzannos, 460 F.3d 128, 138-141 (1st Cir. 2006) (holding that the district court erred in holding a Franks hearing where the defendant failed at the outset to make any credible argument that disclosure was warranted).

A similar result is mandated in this case. Defendant has not provided the Court with any affidavits or other credible evidence to meet his substantial preliminary showing that the officer-

affiant knowingly or recklessly made false statements in the affidavit of probable cause.[4] Defendant's suppression motion only cites his "belief" that "the confidential informant referred to in the affidavits in support of the search warrant: (1) does not exist or fabricated the information provided; (2) did not provide the Wilmington Police with the information they have said was provided or falsely provided that information; and (3) that the informant fabricated that information or that his existence was in fact created by officers of the Wilmington Police in order to provide additional support for a search warrant that was not supported by probable cause." (Def.'s Mot. to Suppress at 2.) Defendant's unsupported "belief" that the affidavit contained knowingly or recklessly false statements is plainly insufficient to merit a Franks hearing, particularly given the presumption of validity ascribed to affidavits of probable cause. Defendant's motion is thus devoid of any information which would allow the Court to determine that there is a credible basis that the warrant application contained false statements, and accordingly fails to meet the substantial preliminary showing that is required by Franks. Without that requisite showing, the mere allegation that the informant did not exist is insufficient for the Court to hold a Franks hearing or to order disclosure of the informant's identity. See Brown, 3 F.3d 679-80.

---

[4]The Brown court made clear that the purpose of a Franks hearing is to examine the truthfulness of the *affiant*. Brown, 3 F.3d at 677. Whether the informant provided untruthful information to the affiant is irrelevant in the Franks context. See Tzannos, 460 F.3d at 138 ("'Allegations of negligence or innocent mistake are insufficient,' as are allegations going to show that the informant relayed misinformation to the affiant.") (citations omitted). That question involves the separate inquiry of whether the search warrant affidavit lacked probable cause because the informant was unreliable. See, e.g., United States v. Ritter, 416 F.3d 256 (3d Cir. 2005). In this case, Defendant's motion is directed solely at obtaining a Franks hearing, which focuses on whether the officer-affiant made deliberately or recklessly false statements in support of the search warrant. Accordingly, the Court need focus only on the alleged false statements made by the officer-affiant in determining whether Defendant is entitled to a Franks hearing.

### III.  CONCLUSION

WHEREFORE, for the reasons set forth above, the United States respectfully requests the Court to deny defendant's Motion to Suppress Evidence and defendant's Motion to Reveal the Identity of the Confidential Informant.

                                         Respectfully submitted,
                                         COLM F. CONNOLLY
                                         United States Attorney


BY:   /s/ David L. Hall
           David L. Hall
           Robert F. Kravetz
           Assistant United States Attorneys

Dated: October 5, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal Action No. 05-100-SLR |
| ) | |
| Burtran Marshall ) | |
| ) | |
| Defendant. ) | |

**ORDER**

AND NOW, this _____ day of _____, 2006, upon consideration of Defendant's Motion to Suppress Evidence and Statements (Doc. No. 16), Defendant's Motion for Discovery and Inspection Concerning Government's Use of Informants (Doc. No. 22), and the government's response thereto, it is hereby ORDERED that defendant's motions are DENIED.

By the Court:

_____

Hon. Sue L. Robinson
Chief Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 05-100-SLR |
| | ) | |
| BURTRAN MARSHALL | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, David L. Hall, Assistant United States Attorney for the District of Delaware, hereby certify that on the 5th of October 2006, I caused to be electronically filed the **Government's Omnibus Response to Defendant's Discovery Motions** with the Clerk of the Court using CM/ECF. I further certify that a copy of the foregoing was sent via U.S. mail to counsel of record as follows:

Peter A. Levin
1927 Hamilton St.
Philadelphia, PA 19130

/s/ David L. Hall
David L. Hall
Assistant United States Attorney