IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 05-100-SLR |
| | ) | |
| BURTRAN MARSHALL | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OMNIBUS RESPONSE TO
DEFENDANT'S DISCOVERY MOTIONS**

NOW COMES the United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and David L. Hall and Robert F. Kravetz, Assistant United States Attorneys, and submits the following response to defendant's Motion to Compel Discovery and Production of Exculpatory Evidence (Doc. No. 21); Motion for Early Disclosure of Jencks Material (Doc. No. 20); Motion to Disclose and Prohibit Use of 404(b) Evidence (Doc. No. 19); Motion to Compel Disclosure of Promise of Immunity, Leniency, or Preferential Treatment (Doc. No. 17); and Motion for Production of Law Enforcement Interview Reports or Notes with Individuals Who Will Not Be Witnesses At Trial (Doc. No. 18). The government respectfully requests that the Court deny the defendant's motions, and sets forth its responses below seriatim.

1.  Defendant Burtran Marshall has been charged with one count of possession with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Based upon credible information from a confidential informant who had provided past reliable information, as well as an independent police investigation, officers of the

Wilmington Police Department concluded that Burtran Marshall was trafficking large quantities of crack cocaine from an apartment located at 204 N. West St. in Wilmington. On October 14, 2003, officers utilized the informant to participate in a controlled buy. The informant purchased crack cocaine from Marshall out of Marshall's vehicle using marked United States currency provided by the police. Wilmington officers observed Marshall leave the residence prior to meeting with the informant. Following the transaction and further surveillance, officers decided to make a traffic stop, in which they found five marijuana bags in the vehicle and $4900 in cash on Marshall's person. Based upon the controlled buys, the information that Marshall kept his stash of crack cocaine at 204 N. West St., and police surveillance observing Marshall leave the residence on each occasion to meet with the informant, officers secured a warrant to search the apartment. That search resulted in the seizure of 370 grams of crack cocaine. The search also yielded a digital scale of the type known to be used by drug dealers to weigh illegal drugs for distribution, a plate containing suspected crack cocaine residue, and approximately $3100 in cash. Marshall was advised of his <u>Miranda</u> rights and waived them. He then gave a statement in which he admitted that the drugs at the apartment belonged to him. After he was charged in the state court system and placed on bail, ostensibly to cooperate with the Wilmington Police Department in a large-scale drug investigation, Marshall fled and became a fugitive. Marshall remained at large until April 2005, when he was eventually apprehended by federal authorities in Philadelphia following a foot chase in which he attempted to carjack a passing vehicle. Marshall has filed various pretrial motions requesting discovery from the government.[1]

---

[1] In addition to the motions addressed in this response, the government has filed contemporaneously a separate response and accompanying memorandum of law addressing two additional motions filed by Marshall: a Motion to Suppress Evidence (Doc. No. 16) and a Motion

2.     Defendant has brought a Motion to Compel Discovery and Production of Exculpatory Evidence (Doc. No. 21). The government has already provided discovery, thereby complying with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny. To the extent that the government receives any additional evidence that would be covered by defendant's motion, the government will comply with its continuing duty to supplement discovery pursuant to Rule 16© and its obligations under <u>Brady</u>. Accordingly, the government requests that the Court deny defendant's motion.

3.     Defendant has also filed a Motion for Early Disclosure of Jencks Material (Doc. No. 20). The government has disclosed all evidence that could be categorized as Jencks material under 18 U.S.C. § 3500. To the extent that the government obtains any other reports or statements from witnesses that the government intends to call at trial, the government will disclose such information to defendant within a reasonable time prior to trial. For these reasons, the government requests the Court to deny defendant's motion.

4.     In addition, defendant has filed a Motion to Disclose and Prohibit Use of 404(b) Evidence (Doc. No. 19). The government respectfully requests the Court to deny the motion as premature. The government has not yet determined whether it will introduce in its case in chief at defendant's trial any extrinsic evidence of other crimes, wrongs, or acts that fall within the scope of Federal Rule of Evidence 404(b). If the government decides to introduce such evidence, the government will comply with the requirement set forth in Rule 404(b) to provide reasonable notice of the general nature of the evidence it will seek to introduce at trial.

---

for Discovery and Inspection Concerning Government's Use of Informants (Doc. No. 17).

5.	Defendant has further filed a Motion to Compel Disclosure of Promise of Immunity, Leniency, or Preferential Treatment (Doc. No. 17). The government currently does not have any additional materials in its possession that are subject to disclosure pursuant to Giglio v. United States, 405 U.S. 150 (1972), and its progeny. To the extent that the government enters into any such agreements with government witnesses that will be called at trial, the government will certainly meet its Giglio obligations and disclose the material to defendant in advance of trial. As a result, the government respectfully requests the Court to deny defendant's motion.

6.	Finally, defendant has filed a Motion for Production of Law Enforcement Interview Reports or Notes with Individuals Who Will Not Be Witnesses At Trial (Doc. No. 18). Federal Rule of Criminal Procedure 16(a)(2) generally does not require the government to disclose the information requested by defendant in this case:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Fed. R. Crim. P. 16(a)(2). Indeed, the Jencks Act requires only that the government disclose statements of government witnesses who have actually testified at trial if the statement relates to the subject matter of the witness's testimony. See 18 U.S.C. § 3500(b). As a result, the defendant's discovery request is outside the scope of Rule 16.[2] Accordingly, the government

---

[2] The government is aware that Rule 16(a)(2) should be read in accordance with the government's responsibility to disclose exculpatory evidence under Brady. See Government of Virgin Islands v. Fahie, 419 F.3d 249, 257 (3d Cir. 2005). At this time, the government does not have in its possession any additional exculpatory evidence within the ambit of defendant's

4

requests that the Court deny defendant's motion.

WHEREFORE, for the reasons set forth above, the government respectfully requests that the Court deny defendant's pretrial motions.

> Respectfully submitted,
> COLM F. CONNOLLY
> United States Attorney
>
> BY:   /s/ David L. Hall
> David L. Hall
> Robert F. Kravetz
> Assistant United States Attorneys

Dated: October 5, 2006

---

discovery request. To the extent that the government obtains any exculpatory evidence, the government will readily comply with its constitutional obligation to disclose it.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 05-100-SLR |
| | ) | |
| BURTRAN MARSHALL | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of Defendant's Motion to Compel Discovery and Production of Exculpatory Evidence (Doc. No. 21); Motion for Early Disclosure of Jencks Material (Doc. No. 20); Motion to Disclose and Prohibit Use of 404(b) Evidence (Doc. No. 19); Motion to Compel Disclosure of Promise of Immunity, Leniency, or Preferential Treatment (Doc. No. 17); and Motion for Production of Law Enforcement Interview Reports or Notes with Individuals Who Will Not Be Witnesses At Trial (Doc. No. 18), and the government's response thereto, it is hereby ORDERED that defendant's motions are DENIED.

By the Court:

_____
Hon. Sue L. Robinson
Chief Judge, United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 05-100-SLR |
| | ) | |
| BURTRAN MARSHALL | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, David L. Hall, Assistant United States Attorney for the District of Delaware, hereby certify that on the 5th of October 2006, I caused to be electronically filed the **Government's Omnibus Response to Defendant's Discovery Motions** with the Clerk of the Court using CM/ECF. I further certify that a copy of the foregoing was sent via U.S. mail to counsel of record as follows:

> Peter A. Levin
> 1927 Hamilton St.
> Philadelphia, PA 19130

/s/ David L. Hall
David L. Hall
Assistant United States Attorney