IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

V.

CRIMINAL NO. 05-100-SLR

BURTRAN MARSHALL

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MEMORANDUM CONCERNING DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS**

Burtran Marshall, by and through his counsel Peter Levin, Esquire, filed a Motion to Suppress Physical Evidence and Statements (Doc. No.16), and a Motion for Discovery and Inspection Concerning Government's Use of Informants (Doc. No.22). These motions do not have only one purpose as the Government contends.

It is correct that the Motion to Suppress Physical Evidence and Statements requests this Court to hold a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), concerning the presence of false statements and/or omissions in the affidavit of probable cause supporting a warrant for the search of the premises in question known as 204 N. West Street, Apartment D, Wilmington, Delaware.

However, the Motion to Suppress Physical Evidence and Statements is not directed solely at obtaining a Franks hearing on the basis of the confidential informant. In accordance with Franks, a defendant may challenge the accuracy of the allegations

1

set forth in the affidavit of probable cause of a search warrant. To justify a hearing on a claim that the search warrant contains a material misrepresentation of facts, the defendant must first make a substantial preliminary showing of intentional misrepresentation by false statement or omission, or a misrepresentation resulting from reckless disregard of the truth. Secondly, it must appear that the representation had been necessary to a finding of probable cause. Id. 98 S. Ct. at 2676.

In the instant matter, the defense has satisfied both requirements. As pointed out in the Motion to Suppress Physical Evidence and Statements the affidavit of probable cause of the search warrant is replete with material misrepresentations.

They include the following.

1. Affiants appeared before the Justice of the Peace on June 5, 2003. (p.39), but stated they spoke with the CI during the second week of June 2003. (one week after the warrant was prepared) (p. 41) The affiants state they spoke with a confidential informant during the first week of August 2003. . (two months after the warrant was prepared) (p.41)

2. There was no information in the affidavit about the informant's credibility and reliability. Further there is no information as to whether the informant of August 2003 is the same informant as June 2003.

3. There is no information in the affidavit about the August 2003 informant's credibility and reliability if in fact it's a different informant.

4. The August 2003 informant states that "**they**" responded to a location to meet defendant. There is no explanation in the warrant as to who the other person or

persons were. (p.42)

5. Nothing in the affidavit indicates that officers observed the alleged transaction of August 2003 although according to the affidavit the officers were present.

6. No specific date is given for the August 2003 transaction.

7. Detective Liam Sullivan gives information to the affiants during the third week of June 2003 which was given to him by an informant. There is no information given in the affidavit regarding that informant's credibility and reliability other than a blanket statement that the informant was reliable. It is also unclear if this is the same informant as before or a different informant.

8. The affidavit states that during the first week of October 2003, another informant appeared on the scene. There is no information given in the affidavit regarding that informant's credibility and reliability. Furthermore, this is some four months after the affidavit was prepared (page 44). It is also unclear if this is the same informant as before or a different informant.

9. The affiants then state they stopped defendant knowing that his drivers license was suspended and that there were warrants out for him. They never stated anything about the alleged drug sales with the informant (page 45). It would appear that if they believed he was involved in drug sales, that would have been enough to stop him.

10. The affiants took keys from defendant after he was placed in custody and went to the residence at 204 N. West Street, Apartment D, Wilmington, Delaware (page 45).They entered the premises without a warrant finding that the keys fit (page 45). They then applied for a search warrant (page 45). Again the whole reason for the stop

was based on the officers believing that defendant's drivers license had been suspended and that there were outstanding warrants for him.

11. The warrant was served on October 14, 2003 some four months after being prepared and/or some four months after information was received concerning the premises.

12. The affidavit is lacking in specific factual details to support the showing of probable cause that the property located at 204 N. West Street, Apartment D, Wilmington, Delaware, was involved in the alleged drug sales or evidence of the criminal activity alleged would be found there. The affidavit is remarkable in its absence of any of the information pointing to residence's involvement in the alleged criminal activity except for unsubstantiated comments by an alleged informant.. The defendant is not observed participating in any obvious narcotics transactions by the investigating police officers that can link him to the premises.

There is no proof that the premises was in some manner connected to the alleged activity of the defendant  The affidavit falls far short of providing sufficient evidence that the defendant employed 204 N. West Street, Apartment D, Wilmington, Delaware as a residence. An additional location was given in the affidavit that defendant had keys to and was seen entering and leaving. (1615 W. 4th Street). Although he is observed for very brief periods of time entering and exiting the property, it is hardly sufficient to show that he was using that house as a residence. The affidavit fails to supply sufficient evidence to demonstrate a nexus between the alleged criminal activity and the address that was to be searched.

The affidavit of probable cause is fatally defective and fails to establish probable cause to justify the issuance of the search warrant.

WHEREFORE, in consideration of the foregoing, Burtran Marshall respectfully requests that this Honorable Court grant the instant motion, and order suppression of all evidence discovered during the search of 204 N. West Street, Apartment D, Wilmington, Delaware, on October 14, 2003, as well as any statements made by defendant or other evidence resulting from that search.

Respectfully Submitted,

Peter A. Levin
Attorney for the Defendant
1927 Hamilton Street
Philadelphia, PA 19130
(215) 563-3454

## CERTIFICATE OF SERVICE

      Peter A. Levin, Esquire, hereby certifies that a true and correct copy of the within Motion has been served upon by First Class Mail to:

David L. Hall, Esquire
Assistant United States Attorney
1007 Orange Street
Suite 700
Wilmington, DE 19899-2046


Dated: 10/31/06

                                              Peter A. Levin
                                              Attorney for the Defendant
                                              1927 Hamilton Street
                                              Philadelphia, PA 19130
                                              (215) 563-3454
                                              (215) 563-3371 fax