IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 05-100-SLR |
| | ) | |
| BURTRAN MARSHALL | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SURREPLY TO DEFENDANT'S MOTION TO
SUPPRESS EVIDENCE AND MOTION FOR DISCOVERY AND INSPECTION
CONCERNING GOVERNMENT'S USE OF INFORMANTS**

NOW COMES the United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz and David L. Hall, Assistant United States Attorneys, and submits the following surreply brief to defendant's reply brief filed November 1, 2006. The Government will not revisit in detail the arguments set forth in its initial response (Doc. No. 26). Instead, the Government asserts that defendant's reply brief buttresses the Government's positions that (1) disclosure of its confidential informant is not warranted under established law, and (2) defendant has failed to set forth any basis for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). In addition, the Government will respond to several items that were raised for the first time in defendant's reply brief.

1.      In its response to defendant's initial Motion for Discovery and Inspection Concerning Government's Use of Informants (Doc. No. 22), the Government argued that defendant failed to meet his burden to obtain disclosure of the confidential informant because he did not articulate a specific need for disclosure, other than to offer pure speculation that such information might be useful. See e.g., United States v. Bazzano, 712 F.2d 826, 839 (3d Cir.

1983) ("[Mere speculation as to the usefulness of the informant's testimony to the defendant is insufficient to justify disclosure of his identity."). Defendant's reply to the Government's response affirms that the Court should deny defendant's motion. That reply – which does not mention the Government's response with respect to the issue of disclosing the identity of the confidential informant – is instructive in its silence on the issue. Not once, in any of his filings with the Court, has defendant set forth any recognized basis for disclosure. A blanket statement that the identity of a confidential informant should be disclosed, without providing a specific need for the disclosure, is clearly foreclosed by applicable Supreme Court and Third Circuit precedent. See Roviaro v. United States, 353 U.S. 53, 60-61 (1957); United States v. Brown, 3 F.3d 673, 679 (3d Cir. 1993). In addition, as stated in the Government's response, the informant's sole role in this case was to provide the police with probable cause to obtain the search warrant for Marshall's residence, and, thus, disclosure of the informant's identity would not bear upon establishing Marshall's ultimate guilt or innocence. See Bazzano, 712 F.2d at 839; United States v. Johnson, No. C.R. 04-103-SLR, 2005 WL 1512672 (D. Del. June 27, 2005); United States v. Ayers, No. C.R. 02-112-SLR, 2003 WL 292086 (D. Del. Feb. 6, 2003). Accordingly, the Government respectfully requests the Court to deny defendant's motion to disclose the informant's identity.

2.      Similarly, defendant's motion to suppress evidence, to the extent that it requests a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), should also be denied. At the outset, the motion fails to make "a 'substantial preliminary showing' that the affidavit contained a false statement, which was made knowingly or with reckless disregard for the truth, and which is material to the finding of probable cause." United States v. Yusuf, 461 F.3d 374, 383 (3d Cir.

2006). The Third Circuit recently described the burden placed on criminal defendants to make the "substantial preliminary showing" as follows:

> In order to make this preliminary showing, the defendant cannot rest on mere conclusory allegations or a "mere desire to cross-examine," but rather must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses.

Id. at 383 n.8. Conspicuously absent from defendant's motion or reply brief are any of the materials required by Yusuf. Rather, defendant offers bald assertions that certain statements in the affidavit of probable cause were false without laying any foundation as to why the information is inaccurate, yet alone why the alleged discrepancies would be material to the determination of probable cause. (See, e.g., Def.'s Reply Br. ¶¶ 4-6.) See United States v. Shields, 458 F.3d 269 (3d Cir. 2006) (holding that a Franks hearing was not required where factual statements, assuming they were inaccurate, were not necessary to the finding of probable cause).

3. In addition, throughout his filings with this Court, defendant has focused on the unreliability of the confidential informant as a basis to obtain a Franks hearing. This argument reveals a misunderstanding of Franks. A Franks hearing is essentially an inquiry into the credibility of the *affiant*. Brown, 3 F.3d at 677. The informant's credibility is irrelevant in the Franks context, unless (1) the information provided by the informant places a reasonable official on notice that further investigation into its accuracy is necessary, and (2) there exists additional objective factors suggesting that the agent's subsequent inquiry would have rendered the agent's reliance upon that information unreasonably reckless. Yusuf, 461 F.3d at 385; see United States v. Tzannos, 460 F.3d 128, 138 (1st Cir. 2006) ("'Allegations of negligence or innocent mistake

3

are insufficient,' as are allegations going to show that the informant relayed misinformation to the affiant.") (citations omitted). In this case, defendant makes several bald assertions regarding the informant's credibility and/or reliability in paragraphs 2, 3, 7, and 8 of the reply brief. Defendant, however, has not alleged that the officer-affiants made deliberately or recklessly false statements in support of the search warrant, or that the information provided by the informant was of a type to cause a reasonable officer to question its accuracy. Thus, because defendant's motion does not call into question the credibility of the officer-affiants, defendant's motion for a Franks hearing should be denied.

    4.    Paragraph 3 of defendant's reply brief references that the affiants appeared before the Justice of the Peace on June 5, 2003. That date appears to be a typographical error, as all the information contained in the affidavit postdates the June 5, 2003 date. There is no question that the date the affiants gave their sworn statements, as well as the date that the Justice of the Peace signed the search warrant, was October 14, 2003. (See Doc. No. 16, App. 1, at 47.) Thus, the statements in paragraph 1 of defendant's reply brief that the affiants spoke with a confidential informant two months after the warrant was prepared; in paragraph 8 that the informant provided information four months after the warrant was prepared; and in paragraph 11 that the warrant was served four months after being prepared, are misleading when compared with the date that the affiants and the Justice of the Peace actually signed the affidavit and warrant.

    5.    In paragraphs 9 and 10 of the affidavit, defendant challenges the basis for the traffic stop of defendant's vehicle. What is telling about these paragraphs, however, is that defendant does not dispute the underlying facts giving the officers probable cause to effectuate the traffic stop, i.e., that the officers knew that defendant had outstanding warrants and was

driving without a license. Defendant asserts that the officers should have relied upon defendant's drug sales to effectuate the stop. While the Government does not quarrel with the statement that defendant's drug dealing could have provided a basis for the traffic stop, this argument is a non sequitur. If defendant concedes the factual predicate that existed for the stop (knowledge of the outstanding warrants and that defendant was driving without a license), which carried with it probable cause for the officers to stop the vehicle, it is irrelevant that further information might have existed to *enhance* that quantum of probable cause. United States v. Delfin-Colina, 464 F.3d 392 (3d Cir. 2006) (concluding that reasonable suspicion is the minimum standard that applies to traffic stops under the Fourth Amendment). Understood in this context, defendant's argument in paragraphs 9 and 10 of the affidavit is without merit.[1]

6.    Paragraph 12 argues essentially that the facts as alleged in the affidavit lacked probable cause to link defendant's alleged involvement in the criminal activity to the property searched at 204 N. West. St., Apt. D. This argument does not support a Franks challenge to the affiants' credibility. Instead, it challenges the magistrate's determination that the affidavit provided probable cause for the search. To the extent the Court deems it appropriate, the Government would certainly be prepared to argue that the affidavit provided a "substantial basis" for the Justice of the Peace to issue the search warrant. United States v. Ritter, 416 F.3d 256, 262 (3d Cir. 2006) (explaining that district courts are to review deferentially the magistrate judge's

---

[1] Additionally, defendant's assertion in paragraph 10 that the officers "entered the premises without a warrant finding that the keys fit" is misleading. The affidavit actually states that the keys "were fit to found the locks at said residence." (See Doc. No. 16, App. 1, at 45.) The officers put this information in the affidavit in support of obtaining the warrant to search the residence. There is no information in the record that the officers entered Marshall's residence without a warrant.

5

finding of probable cause to determine whether there existed a "substantial basis" for concluding that probable cause was present). That inquiry is confined solely to whether the information within the four corners of the affidavit established probable cause, and does not invite a consideration of additional evidence beyond the affidavit. See Whiteley v. Warden, 401 U.S. 560, 564-65 & n.8 (1971); United States v. Whitner, 219 F.3d 289, 295-96 (3d Cir. 2000). Defendant, however, has steadfastly maintained that he is seeking suppression pursuant to Franks and its progeny. See, e.g., Def.'s Reply Br. at 1 ("It is correct that the Motion to Suppress Physical Evidence and Statements requests this Court to hold a hearing pursuant to Franks v. Delaware, concerning the presence of false statements and/or omissions in the affidavit of probable cause concerning a warrant for the search of the premises in question known as 204 N. West Street, Apartment D, Wilmington, Delaware). As a result, the Government maintains that defendant's motion to suppress, to the extent it requests a Franks hearing, should be denied.

WHEREFORE, for the reasons set forth above, the United States respectfully requests the Court to deny defendant's Motion to Reveal the Identity of the Confidential Informant. In addition, the United States respectfully requests the Court to deny defendant's Motion to Suppress Evidence, to the extent that such motion requests the court to hold a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).

> Respectfully submitted,
> COLM F. CONNOLLY
> United States Attorney
>
> BY:   /s/ Robert F. Kravetz
> Robert F. Kravetz
> David L. Hall
> Assistant United States Attorneys

Dated: November 9, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 05-100-SLR |
| | ) | |
| BURTRAN MARSHALL | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of Defendant's Motion to Suppress Evidence and Statements (Doc. No. 16), Defendant's Motion for Discovery and Inspection Concerning Government's Use of Informants (Doc. No. 22), and the government's response thereto, it is hereby ORDERED that defendant's motions are DENIED.

By the Court:

_____
Hon. Sue L. Robinson
Chief Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 05-100-SLR |
| | ) | |
| BURTRAN MARSHALL | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I, Robert F. Kravetz, Assistant United States Attorney for the District of Delaware, hereby certify that on the 9th of November 2006, I caused to be electronically filed the **Government's Omnibus Response to Defendant's Discovery Motions** with the Clerk of the Court using CM/ECF. I further certify that a copy of the foregoing was sent via U.S. mail to counsel of record as follows:

>Peter A. Levin
>1927 Hamilton St.
>Philadelphia, PA 19130

>/s/ Robert F. Kravetz
>Robert F. Kravetz
>Assistant United States Attorney