IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

V.                                          CRIMINAL NO. 05-100-SLR

BURTRAN MARSHALL

---

DEFENDANT'S RESPONSE TO THE COURT'S MEMORANDUM ORDER OF FEBRUARY 2, 2007

---

Burtran Marshall, by and through his counsel Peter Levin, Esquire, responds to the Court's memorandum Order of February 2, 2007..

In its order, the Court directed that the defendant be given the opportunity to provide the quality of evidence consistent with United States v. Yusuf, 461 F.3d 374 (3d Cir. 2006).

In Yusuf, the Third Circuit explained that, in Franks, the "Court created a mechanism to allow a defendant to overcome the general presumption that an affidavit of probable cause supporting a search warrant is valid." Id. at 383.. First a defendant "must make a substantial preliminary showing that the affidavit contained a false statement, which was made knowingly or with reckless disregard for the truth which is material to the finding of probable cause." Franks v. Delaware, 438 U.S. at 155-156.

The Third Circuit noted that in order to make this preliminary showing, the defendant cannot rest on mere conclusory allegations or a "mere desire to cross examine," but rather must present an offer of proof contradicting the affidavit,

1

including materials such as sworn affidavits or otherwise reliable statements from witnesses." Yusuf, at 383 n. 8.

The Supreme Court in Franks, gave no guidance as to what constitutes reckless disregard for the truth in Fourth Amendment cases , except to state that negligence or innocent mistake is insufficient.

In Wilson v. Russo, the Third Circuit set forth standards to identify what constitutes "reckless disregard for the truth" regarding both misstatements and omissions in an affidavit of probable cause: "In evaluating a claim that an officer both asserted and omitted facts with reckless disregard for the truth, we hold that: (1) omissions are made with reckless disregard for the truth when an officer recklessly omits facts that any reasonable person would want to know; and (2) assertions are made with reckless disregard for the truth when an officer has obvious reasons to doubt the truth of what he or she is asserting." Wilson v. Russo, 212 F.3d 781 (3d Cir. 2000).

In Wilson, the court found that the investigating officer acted in reckless disregard for the truth in omitting to inform the judge who issued the arrest warrant of the disparity between the height of the robbery suspect and the height listed on the defendant's driver's abstract; that one victim did not pick the defendant out of the photo array; in asserting that he had personally investigated the entire case and interviewed the witnesses after the robbery; and that a witness saw the defendant about 20 minutes before the robbery.

In United States v. Welch, 2007 WL 119954 (E.D. Pa. January 9, 2007), cited by this Court in its Memorandum Order, the facts were different than the

instant case. District Judge Pratter in that case requested that the defendant offer evidence to demonstrate that the affiant inaccurately summarized information contained in transcripts of telephone calls, or that the affiant omitted information which would tend to defeat probable cause if included in the affidavit supporting the warrant application. Defendant never complied with Judge Pratter's request.

In the instant case, defense has satisfied the requirements of <u>Yusuf</u> even though no affidavits have been submitted . The defense has met the standards of <u>Wilson</u> and its position is not inconsistent with <u>Welch</u>.

The affidavit of probable cause of the search warrant is replete with material representations and omissions <u>on its face</u> which were necessary for the finding of probable cause.

In this case, the actual dates of events are inconsistent with the signing and review dates of the affidavit of probable cause. No affidavits need be presented as to this as it is there on the face of the warrant.

First, the affiant spoke with the June, 2003 C.I. the second week of June 2003, *after* having already appeared before the justice of the peace to obtain the search warrant on June 5, 2003.

The affiant's meeting in August 2003 with the C.I. was two months after the warrant was prepared. It follows that the magistrate judge did *not* have a substantial basis for concluding that probable cause to issue a warrant existed on June 5, 2003.

3

The affidavit states that during the first week of October, 2003, another informant appeared on the scene. There was no information in the affidavit about the informant's credibility and reliability. This is some four months after the affidavit was prepared. Further, there is no information as to whether the informant of August, 2003 is the same informant as June, 2003.

In order to establish whether or not there was probable cause for the warrant to be issued, the defense must obtain further information regarding the investigation. The defendant believes that the C.I. referred to in the affidavits in support of the search warrant: (1) does not exist, or fabricated the information provided; (2) did not provide Wilmington Police with the information they have said was provided, or provided that information falsely; (3) that the informant fabricated that information or that his existence was in fact created by officers of the Wilmington Police in order to provide additional support for a warrant that was not supported by probable cause.

In Yusuf, the Court discusses the recognized distinction between information provided by an informant and that provided by a law enforcement officer or other government agency. Informants are *not* presumed to be credible, and the government is generally required to show by the totality of the circumstances either that the informant has provided reliable information in the past or that the information has been corroborated through independent investigation. Id., and see United States v. Ritter, 416 F.3d 256 (3d Cir. 2005). (Where corroboration or independent investigation after receipt of an anonymous tip is lacking – and the predictive value of the tip goes untested before a warrant

is issued – courts have found officer's subsequent reliance on the warrant unreasonable.) In Yusuf, information contained in the affidavit of probable cause was obtained through VIBIR, a governmental agency in the Virgin Islands. The Court held that the information was presumed to be reliable. Id.

Unlike the investigators in Yusuf, the affiant in this case relied on statements made by confidential informant(s). It is unclear how many C.I.'s were used, and the defendant submits that a blanket statement in the affidavit that a C.I. was used in the past, and "proven reliable" does not satisfy the burden of showing credibility and reliability. The government failed to establish that the C.I. or, C.I.(s) were reliable and credible. The defense submits that the affiant asserted and omitted facts with a reckless disregard for the truth and that this is clear on the four corners of the affidavit of probable cause.

The government, in its reply brief, stated that the defense does not call into question the credibility of the officer-affiants. That is not correct as the defense listed in its initial motion and will do so again all of the deliberate or recklessly false statements made in the affidavit.

The August, 2003 informant states that "they" responded to a location to meet the defendant. There is no explanation in the warrant as to who the other person or persons were. This omission is either reckless false or deliberate on the part of the officer.

Again, the information used by the affiant was obtained through the informant(s), and without further information, it is unclear whether or not the affiant actually had probable cause. In addition, nothing in the affidavit indicates

5

that officers observed the alleged transaction of August, 2003, although according to the affidavit, officers were present. This omission is either reckless false or deliberate on the part of the officer.

In the case at bar, the defendant submits that the inconsistencies in the affidavit of probable cause meet the standard set forth in Yusuf. The affidavit refers to the affiant meeting with a confidential informant ("C.I.") during the second week of June, 2003. The C.I. discussed illegal drug distribution at an apartment inside of 204 N. West St. The affidavit does not refer to a specific apartment number at the 204 N. West St. until the affiant spoke with another C.I. in August of 2003. It is unclear whether this is the same C.I. earlier referred to or a different individual. This omission is either reckless false or deliberate on the part of the officer.

The affiant also mentions the defendant entering and leaving another address besides 204 N. West St. Mr. Marshall was also seen entering and exiting 1615 W. 4th Street. The affiant does not mention the precise apartment on 204 N. West St., (Apartment D), until the affiants spoke with Liam Sullivan of the Wilmington Police Department (FBI Task Force), in August 2003. Again, this is two months after appearing before the magistrate. Apparently, "the C.I." had informed Detective Sullivan that the defendant and another individual by the name of Artega Green were keeping, cooking and distributing cocaine in apartment D, 204 N. West St. The absence of the precise apartment number would have been fatal to a finding of probable cause. This omission is either reckless false or deliberate on the part of the officer.

6

The warrant was dated June 5, 2003, which is before much of the investigation had begun. The police did not have probable cause to obtain a search warrant on June 5, 2003. This is emphasized by the fact that the affidavit lists meetings with C.I.'s beginning on the second week in June, 2003, *after* the warrant was issued.

Yusuf also held that the government should *not* "get the benefit of the fortuitous circumstance that evidence obtained as a result of the defective search warrant would have been sufficient to establish probable cause had it been contained in the original affidavit." United States v. Yusuf, 461 F.3d 374 (3d Cir. 2006). This argument assumes that "the tail can wag the dog." This argument is flawed however, because the magistrate judge is limited to the facts submitted in the affidavit in making a determination of probable cause. Id. This reasoning is precisely what the government is arguing in the instant case.

In this case, the magistrate judge would not have had probable cause to issue a warrant based on information known as of June 5, 2003. The government may not rely on information *later* obtained to justify a finding of probable cause on the initial warrant application. To allow so would allow the "tail to wag the dog," as the Court in Yusuf cautioned. In this case, the affiant was relying on information obtained *after* appearing before the magistrate in order to justify a finding of probable cause. This is precisely the situation the Yusuf court discussed.

The Defendant has adequately demonstrated that the affiant inaccurately summarized information contained in the affidavit of probable cause, and that such reckless misrepresentation and omissions affected a finding of probable cause. No affidavits are required, unlike Welch, in that the misrepresentations are clear on the face of the warrant.

The dates that the affiant(s) met with C.I.(s) are *after* the affiant(s) appeared before the magistrate on June 5, 2003. There is no information regarding whether the C.I.'s were in fact reliable or credible, or even if there was more than one C.I. Finally, the precise apartment named in the search warrant was unknown until August of 2003, two months after the affiant(s) appeared before the magistrate.

The defendant respectfully contends that he has met his burden under Yusuf that the affidavit contains numerous false statements, which were made knowingly or with reckless disregard for the truth and which are material to the finding of probable cause. He therefore requests the Court grant him a Franks hearing.

If the Court is not inclined to grant a Franks hearing, Defendant respectfully requests that the Court find that the Justice of the Peace's determination that the affidavit provided probable cause for the search was in error and there was no substantial basis for the issuance of the warrant. See United States v. Ritter, 416 F. 3d 256, 262 (3d Cir. 2006).[1]

Respectfully submitted,

*[signature]*

Peter A. Levin
Attorney for the Defendant
1927 Hamilton Street
Philadelphia, PA 19130
(215) 563-3454

---

[1] Defendant incorporates all of the arguments made in his initial Motion to Suppress and in his Response Motion questioning Defendant's link to the property searched as well as to the other factors on the face of the warrant questioning Justice of the Peace's finding of probable cause.

## CERTIFICATE OF SERVICE

Peter A. Levin, Esquire, hereby certifies that a true and correct copy of the within Motion has been served upon by Overnight Mail to:

David L. Hall, Esquire
Assistant United States Attorney
1007 Orange Street
Suite 700
Wilmington, DE  19899-2046

Dated:___2/26/07

Peter A. Levin
Attorney for the Defendant
1927 Hamilton Street
Philadelphia, PA  19130
(215) 563-3454
(215) 563-3371 fax