IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 05-100-SLR |
| ) | |
| BURTRAN MARSHALL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 17th day of April, 2007, having considered the parties' responses to the court's memorandum order of February 2, 2007;

IT IS ORDERED that defendant's motion for a Franks hearing and to suppress (D.I. 16) is denied for the reasons that follow:

1. On February 2, 2007, the court found that defendant had not "presented affidavits or proofs sufficient to carry his burden to surpass the preliminary threshold for a Franks hearing."[1] Because the court was concerned over an inconsistency between the date listed on the cover page and signature page of the affidavit filed in support of the warrant ("warrant affidavit"), as well as the number of confidential informants referenced in the warrant affidavit, defendant was afforded an opportunity to provide the

---

[1] In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court concluded that a defendant has the right to challenge the truthfulness of factual statements made in an affidavit of probable cause filed in support of a warrant. To warrant a Franks hearing, a defendant must make a "substantial preliminary showing" that the affidavit contained a false statement that was made knowingly or with reckless disregard for the truth, which is material to a finding of probable cause. Id. at 171.

quality of evidence consistent with United States v. Yusuf, 461 F.3d 374, 383 n.8 (3d Cir. 2006).[2]

2. In response, defendant submits that the requirements of Yusuf have been satisfied, even though no affidavits have been presented, because the warrant affidavit is "replete with material representations and omissions **on its face** which were necessary for a finding of probable cause." (D.I. 31 at 3)(emphasis in original). Because the warrant affidavit reflects differences between the dates of events and the signing and review dates, as well as ambiguities regarding the number of confidential informants, defendant submits that additional proof is unnecessary as this demonstrates a knowing or reckless disregard for the truth which was material to the finding of probable cause.

3. Defendant alternatively requests that the court find that the justice of the peace's determination that the warrant affidavit provided probable cause for the search was in error and that there was no substantial basis for the warrant to issue. Specifically, he asserts that the warrant affidavit did not provide specific facts linking defendant to the drug activity and the warrant affidavit did not provide a specific nexus between defendant, the illegal drug activity and the residence.

4. In reply, plaintiff submits that defendant has failed to present the quantum of

---

[2]Although the parties in Yusuf agreed that a Franks hearing was appropriate based on the information supplied by the defendant, the Court, nonetheless, noted that "[i]n order to make this preliminary showing, the defendant cannot rest on mere conclusory allegations or a 'mere desire to cross-examine,' but rather must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses." Id. at 383 n.8; Franks, 438 U.S. at 170-171 ("To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a desire to cross-examine.").

2

proof necessary to obtain a Franks hearing. (D.I. 31) Without an offer of proof or additional extrinsic evidence, plaintiff contends that the mere presence of errors or inconsistencies in the warrant affidavit does not establish an affiant's reckless or intentional conduct.

5. Having considered defendant's submissions against Franks and its progeny, the court declines to grant a hearing. Significantly, defendant has not presented the quality of evidence requested by the court despite being afforded additional time to respond. Further, a plain reading of the affidavit does not, as plaintiff suggests, support a finding of reckless or intentional conduct. Rather, the identified inconsistencies appear more the result of a haphazard drafting of the warrant affidavit. See United States v. Brown, 3 F.3d 673, 678 (3d Cir. 1993).

6. After a search warrant has been issued and is challenged on the basis of probable cause, the reviewing court must determine whether the judicial officer had a substantial basis for finding probable cause. United States v. Hodge, 246 F.3d 301, 305 (3d Cir. 2001). The judicial officer's determination of probable cause is afforded great deference. United States v. Ninety-Two Thousand Four Hundred Twenty-Five Dollars and Fifty-Seven Cents, 307 F.3d 137, 146 (3d Cir. 2002).

7. The reviewing court should avoid "interpreting affidavit[s] in a hyper-technical, rather than commonsense manner." United States v. Jones, 994 F.2d 1051, 1055 (3d Cir. 1993). In so doing, the court should confine itself to the facts before the judicial officer and not consider information from other portions of the record. United States v. Hodge, 246 F.3d at 305. Close calls should be resolved in favor of upholding the warrant. Jones, 994 F.2d at 1055.

8. Considering this authority against the warrant affidavit at bar, there was a substantial basis for the justice of the peace to conclude that probable cause existed to issue the warrant. Specifically, the warrant affidavit details two controlled drug transactions between defendant and a confidential informant.[3] These transactions were orchestrated, directly surveilled by officers, and crack cocaine was immediately recovered from the confidential informant.

9. Likewise, the warrant affidavit reflects that, prior to the two controlled drug transactions, officers observed defendant enter the residence with a key and exit shortly thereafter. This course of action supported the officers' information from a confidential informant that defendant used the residence to store crack cocaine. A key later recovered from defendant fit into the lock of the residence.

10. IT IS FURTHER ORDERED that a telephone status conference is scheduled to commence on **Tuesday, April 24, 2007** at **4:00 p.m.** with the court initiating said call.

                                                      _/s/_____
                                                United States District Judge

---

[3] The court's February 2, 2007 summary of the events is incorporated by reference. (D.I. 30)