

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

| | |
|---|---|
| *Nemours Building* | *(302) 573-6277* |
| *1007 Orange Street, Suite 700* | *FAX (302) 573-6220* |
| *P.O. Box 2046* | |
| *Wilmington, Delaware 19899-2046* | |

June 4, 2007

The Honorable Sue L. Robinson
Chief United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

>        Re:    **United States v. Burtran K. Marshall**
>               **Criminal Action No. 05-100-SLR**

Dear Chief Judge Robinson:

The defendant has agreed to change his plea in the above-captioned case. Although the defendant has stated that he is going to plead guilty, he has not yet determined whether he will enter an open plea to Count I or plead guilty pursuant to the terms of the enclosed proposed plea agreement. In either event, the defendant has expressed his desire, through defense counsel, for the Court to schedule a Rule 11 Change of Plea Hearing. Accordingly, the parties respectfully request that the Court schedule a Change of Plea hearing with counsel.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
Robert F. Kravetz
Assistant United States Attorney

Enclosure

cc.    Peter Levin, Esq.
       Clerk, U.S. District Court

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 05-100-SLR |
| | ) |
| BURTRAN K. MARSHALL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and the defendant, Burtran K. Marshall, by and through his attorney, Peter A. Levin, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of Title 21 U.S.C. § 841(a)(1) & (b)(1)(A). The offense carries a maximum sentence of life imprisonment with a minimum mandatory term of imprisonment of ten years; a $4,000,000 fine, or both; lifetime supervised release with a minimum of five years of supervised release; and a $100 special assessment.

2.    The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following elements with respect to Count One of the Indictment: (1) that on or about October 14, 2003, the defendant knowingly (2) possessed (3) with the intent to distribute (4) 50 grams or more of a mixture or substance containing a detectable amount of cocaine base.

3.     In connection with the parties' agreement, the defendant acknowledges that on or about October 14, 2003, he knowingly possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. The parties agree that the amount of cocaine base attributable to the defendant was at least 150 grams but less than 500 grams of cocaine base. Based upon this stipulation and the information available as of the date of this Memorandum, the United States estimates that the defendant's offense level (before acceptance of responsibility) should be level 34. U.S.S.G. § 2D1.1(c)(3). The defendant understands that the final determination of the sentencing guidelines will be made by the sentencing judge. The defendant acknowledges that the Court is not bound by any agreement or stipulation between the parties as to the sentencing guidelines calculation, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

4.     Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a three-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

5.     The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly

acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6.   The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7.   The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8.   It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

By:_____

_____
Peter A. Levin, Esquire                          Robert F. Kravetz
Attorney for the Defendant                   Assistant United States Attorney

_____
Burtran K. Marshall, Defendant

Dated:

3

AND NOW, this _____ day of _____2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

 

_____

Honorable Sue L. Robinson
Chief United States District Judge

4